UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY AARON BAXTER       ]
      Plaintiff,            ]
                            ]
                            ]
v.                          ]          No. 3 07 0017
                            ]          Judge Echols
                            ]
CHARLES TRAUGHBER, ET AL.   ]
      Defendants.           ]


M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Charles Traughber, Director of the Tennessee Board of Probation and Parole; George Little, Commissioner of the Tennessee Department of Correction; and Zena Allison, a member of the Parole Board; seeking declaratory relief, damages and an order releasing him from prison on parole.

The plaintiff is currently serving a twelve-year sentence imposed upon him in 2001. Since his incarceration, he has been denied parole on three occasions. The plaintiff claims that his rights have been violated because the denial of parole has been based upon his failure to complete a drug program that is not available at his penal facility.

In order for the plaintiff to obtain § 1983 relief for an allegedly unconstitutional conviction or confinement, he must prove

that the conviction or confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The plaintiff has offered nothing to suggest that the denial of parole has already been declared invalid in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the plaintiff has no arguable basis in law or fact which would entitle him to relief. Consequently, this action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832, 1833, 104 L.Ed.2d 338 (1989).

A district court possesses the authority to dismiss frivolous actions. Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985). Accordingly, this action shall be dismissed as frivolous.

An appropriate order will be entered.


Robert L. Echols
United States District Judge